# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICKEY NELSON SWIFT,**
        **Plaintiff,**

      v.                                                    Case No. 08-C-590

**COURT COMMISSIONER BARRY SLAGLE,**
        **Defendant.**

## ORDER

Plaintiff, Rickey Nelson Swift, who is incarcerated at the Milwaukee County Jail, filed this pro se civil rights complaint under 42 U.S.C. § 1983. Before me is plaintiff's petition to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Pursuant to this court's order of August 1, 2008, he has been assessed and paid an initial partial filing fee

of $41.26. Thus, the plaintiff's motion for leave to proceed in forma pauperis will be granted. The $308.74 remainder of the filing fee will be collected as set forth below.

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of

course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The sole defendant in this case is Milwaukee Circuit Court Commissioner Barry Slagle. Plaintiff alleges that Commissioner Slagle "alter[ed] and authorized the illegal no-knock search warrant that was issued September 7, 2005 at 5358 N. 56th Street in the City of Milwaukee without probable cause." (Compl. at 4.) The plaintiff states that Milwaukee Police officers then beat down two doors to the house and pointed guns at his head and at his wife and children. The plaintiff asserts that there was no affidavit to support the warrant that was issued by Commissioner Slagle and that the no-knock provision was unlawful. Plaintiff seeks monetary, compensatory, and nominal damages, as well as an unspecified "preliminary and permanent injunction." (Compl. at 5.)

Regarding plaintiff's claim for damages, it is well settled that the doctrine of judicial immunity "confers complete immunity from suit, not just a mere defense to liability" and applies in cases brought under Section 1983. Dawson v. Newman, 419 F.3d 656, 660 (7th Cir. 2005). Judicial immunity "applies even when the judge is accused of acting maliciously and corruptly." Mireles v. Waco, 502 U.S. 9, 12 (1991) (quoting Pierson v. Ray, 386 U.S. 547, 554 (1967). This immunity is overcome only where the actions are non-judicial or

3

"taken in the complete absence of all jurisdiction." Id. at 11-12. The relevant question is whether the judge's act is "a function normally performed by a judge," and a judge "will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Id. at 12-13 (quoting Stump v. Sparkman, 435 U.S. 349, 362, 356 (1978).

This immunity extends to court commissioners as well as judges. See Wis. Stat. § 757.68 (authorizing appointment of circuit court commissioners); Wis. S. Ct. R. 75.02 (authorizing court commissioners to "perform limited judicial and quasi-judicial functions under the direction and authority of the chief judges and the judges of the circuit"); Crenshaw v. Baynerd, 180 F. 3d 866, 868 (7th Cir. 1999) (holding that quasi-judicial officers who "perform duties functionally comparable to those of a judicial officer" are immune from liability.) Plaintiff's claim for damages is therefore barred by judicial immunity, as Wis. Stat. § 757.69(1)(b) authorizes circuit court commissioners to issue search warrants. See Burns v. Reed, 500 U.S. 478, 492 (1991) ("the issuance of a search warrant is unquestionably a judicial act"). Any error made in issuing the search warrant is insufficient to defeat immunity for the judicial act of issuing a search warrant. See Stump, 435 U.S. at 363 n.12 ("it would not destroy a judge's immunity if it is alleged and offer of proof is made that in issuing a warrant he acted erroneously and without principle."); Tobin for Gov. v. Ill. State Bd. of Elections, 268 F. 3d 517, 524 (7th Cir. 2001) ("judicial officers are entitled to that immunity even when they act in error, maliciously, or in excess of their authority").

As to plaintiff's request for injunctive relief, the Supreme Court has established that the mere allegation of "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974); see also City

of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983); Palmer v. City of Chi., 755 F.2d 560, 571 (7th Cir. 1985). In the present case, defendant issued a no-knock warrant on a single occasion three years ago. Nothing in the complaint suggests any continuing adverse effect[1] or the likelihood that defendant will subject plaintiff to the same conduct in the future. Thus, plaintiff does not have standing to seek injunctive relief.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket # 4) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $308.74 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707.

---

[1] Plaintiff possibly asserts that he suffers emotional harm because of defendant's past conduct. However, "[t]he emotional consequences of a prior act simply are not a sufficient basis for an injunction absent a real and immediate threat of future injury by the defendant." Lyons, 461 U.S. at 107 n.8.

5

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 17 day of September, 2008.

/s_____
LYNN ADELMAN
District Judge